CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

9/30/2025
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| TONY D. WEST, <br> & <br> CINN CITY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> H. ALEXANDER RICHARDSON <br> & <br> DISTANT SHORES, INC., <br> dba <br> JOE BEANS <br><br> Defendants. | Case No: 6:25cv00077 <br><br> JURY TRIAL DEMANDED |

COMPLAINT

Plaintiffs Tony D. West and Cinn City, Inc. ("Plaintiff"), by counsel, for its Complaint against defendants H. Alexander Richardson ("Richardson") and Distant Shores, Inc. d/b/a "Joe Beans" ("Joe Beans"), alleges as follows:

PRELIMINARY STATEMENT

1. This is a six-count federal and state law action for infringement of Plaintiffs' rights in the marks "Cinn City" (the "Marks") under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims under the statutory and common laws of the Commonwealth of Virginia, all arising from the Defendants' unauthorized, infringing use of the Marks in connection with the marketing, advertising, promotion, offering for sale, and/or

sale of cinnamon rolls, brioche, and other baked goods labeled and advertised in the name "Cinn City" in the Commonwealth of Virginia.

2. Plaintiffs seek injunctive and monetary relief, including a preliminary and permanent injunction.

3. Plaintiffs demand a jury trial.

## JURISDICTION

4. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendants reside in this district, 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to these claims occurred in this district, and 28 U.S.C. § 1391(b)(3), in that Defendants are subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

## PARTIES

6. Plaintiff Tony D. West is an individual residing in the Commonwealth of Virginia, and is the owner of the entirety of the stock interest in, and possessed with the entire right to the management of, Cinn City, Inc.

7. Cinn City, Inc. is incorporated in the Commonwealth of Virginia, and has its principal place of business in Lynchburg, Virginia.

8. Upon information and belief, Defendant H. Alexander Richardson is an individual who resides in Lynchburg, Virginia and is a citizen of the Commonwealth of Virginia.

9. Upon information and belief, Defendant Distant Shores, Inc., doing business as "Joe Beans", is a corporation formed in the Commonwealth of Virginia with a principal place of business at 20722 Timberlake Rd., Suite 1, Lynchburg, Virginia, 24502, United States.

## FACTS

10. Cinn City, Inc. was established in 2017 as a corporation owned and operated by Tony D. West and H. Alexander Richardson.

11. Plaintiff Cinn City, Inc. developed a group of products and menu items, including but not limited to baked goods, and began to market such products in Lynchburg, Virginia, and beyond throughout the Commonwealth and surrounding states (the "Goods and Services").

12. Plaintiff Cinn City, Inc. developed marketing and business goodwill under the name "Cinn City" which it promoted by advertisements in local media, websites, email marketing, physical signs, and other significant means. Plaintiff Cinn City, Inc.'s actions led to a recognizable and recognized business identify in the baked goods and related food market in the Lynchburg, Virginia area (the "Marks").

13. Plaintiff Cinn City, Inc. has expended substantial time, money, and resources marketing, advertising, and promoting the goods and services sold under the Marks.

14. As a result, the Marks are renowned not only in the greater Lynchburg area, but also within the Commonwealth of Virginia and beyond, and the Cinn City brand is indelibly connected with the Plaintiff, and no one else.

15. As a result of this extensive use of the Marks, and consequent successes and renown, Plaintiff Cinn City, Inc. established protectable, valid trade name interests in the Marks under state and federal law long ago, which Cinn City, Inc.'s current owner, Tony D. West, has the complete right to control, manage, and derive profit from.

16. Plaintiff Cinn City, Inc. has for many years provided Goods & Services under the Marks in trade channels through which the Goods and Services under the Marks are provided.

17. The name "Cinn City", in the Lynchburg, Virginia market has at all relevant times remained physically and commercially connected with Cinn City, Inc. and its Cinn City-branded operations.

18. Plaintiff Cinn City, Inc. has used the Marks continuously in connection with the Goods & Services from its founding in 2017 until today, and thus has exclusive rights to the Marks.

19. On June 20, 2025, Plaintiff Tony D. West purchased from Defendant H. Alexander Richardson the latter's entire right, title, and interest in and to Cinn City, Inc., including, without limitation, the rights to the Marks and the right to continue selling the Goods and Services. See attached Exhibit "A".

20. During the time Defendant Richardson was an owner, officer, and manager of Plaintiff Cinn City, Inc., Cinn City, Inc. established a supply relationship with Defendant Joe Beans to provide cinnamon buns, brioche, and other food items for sale at Joe Beans locations, under the name and label of "Cinn City".

21. Following the separation of Defendant Richardson as an owner, officer, and manager of Plaintiff Cinn City, Inc., Defendant Richardson established the practice of individually selling unto Defendant Joe Beans, and Defendant Joe Beans established the practice of buying from Defendant Richardson Goods and Services such as cinnamon buns, brioche, and other food items for sale at Defendant Joe Beans locations, under the name and label of "Cinn City".

22. Plaintiff Cinn City, Inc. did not, by any current or prior contract with Joe Beans give unto it any rights in the Marks outside of or in the absence of a contract. The prior supply relationship did not cause a conveyance of Plaintiffs' trademark to Defendant Joe Beans.

23. Plaintiff Cinn City, Inc. did not, by any current or prior contract with Defendant Joe Beans give unto it any rights in the continued use of Plaintiffs' Goods and Services outside of or in the absence of a contract. The prior supply relationship did not cause a conveyance of Plaintiffs' trademark to Defendant Joe Beans.

24. Plaintiff Cinn City, Inc. did not, by any current or prior contract with Defendant Richardson give unto him any rights in the Marks outside of or in the absence of a contract. The prior supply relationship did not cause a conveyance of Plaintiffs' trademark to Defendant Joe Beans such as to allow Defendant Richardson to personally continue supplying Goods and Services to Defendant Joe Beans under the Cinn City name.

25. Defendant Richardson has always provided the Goods & Services at under the Marks with and through the corporate structure of Cinn City, Inc. and he does not now nor has he ever had the right to operate under the name "Cinn City" or otherwise use the Marks in the absence of any connection to or contract with Plaintiff Cinn City, Inc.

26. Defendant Joe Beans, prior to June 20, 2025, always provided the Goods & Services under the Marks by purchasing all products directly from Cinn City, Inc., and it does not now, nor has it ever had the right to sell products labeled with the name "Cinn City" or otherwise use the Marks in the absence of any contract with Plaintiff Cinn City, Inc.

27. Neither Defendant Richardson nor Defendant Joe Beans have a contract with Plaintiff Cinn City, Inc. or Plaintiff West for the sale or purchase of Goods and Services such as any cinnamon buns, brioche, baked goods.

28. Neither Defendant Richardson nor Defendant Joe Beans have a contract with Plaintiff Cinn City, Inc. for the use of its Marks in their trade or business.

29. Following Defendant Richardson's sale of his interest in and exit from the management of Cinn City, Inc., Defendant's adoption and use of marks identical and/or confusingly similar to the Marks in commerce.

30. Upon information and belief, Defendants have distributed, provided, marketed, advertised, promoted, offered for sale, and sold goods and services similar to those of the Plaintiffs' and under the name "Cinn City" in competitive proximity to the Goods and Services sold under the Plaintiffs' Marks, without consent of the Plaintiffs.

31. Upon information and belief, Defendants have distributed, provided, marketed, advertised, promoted, offered for sale, and sold goods and services similar to the Plaintiffs' Goods and Services under an infringing mark through social media, email, word of mouth marketing, and street-level signage. Copies of current internet advertisements recently-taken pictures of window signs at a local "Joe Beans" location are attached hereto as Exhibit "B".

32. Upon information and belief, Defendants offer and sell their goods and services under an infringing mark to customers interested in receiving Plaintiffs' Goods and Services in the greater Lynchburg area, including those travelling from other areas of the Commonwealth of Virginia and beyond.

33. Upon information and belief, the goods and services Defendants offer under an infringing mark are deficient in quality compared to the Goods and Services Plaintiffs offer under the Marks at its location at 1344 Main St., Lynchburg, Virginia.

34. Consequently, Defendants are now using an infringing mark in order to confuse the public and siphon the goodwill which the public has associated with Plaintiffs via the Marks to their new operation, which is unaffiliated with the Plaintiffs.

35. Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' goods and services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' goods and services originate from, are associated or affiliated with, or otherwise authorized by Plaintiffs.

36. Defendants have been advised directly that their actions are being done unlawfully and without the permission of Plaintiff West or Plaintiff Cinn City, Inc.

37. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiffs' Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's Goods & Services to the Defendants.

38. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiffs and to the valuable reputation and goodwill of the name "Cinn City" with the consuming public for which Plaintiffs have no adequate remedy at law.

## COUNT ONE

### Federal Action for Trademark Infringement under 15 U.S.C. § 1125(a)

39. Plaintiffs repeat and reallege paragraphs 1 through 38 hereof, as if fully set forth herein.

40. Plaintiffs have an interest in a valid trademark or service mark, the Marks.

41. Plaintiffs used the Marks in commerce before either Defendant commenced use of an infringing mark.

42. Defendants' unauthorized use in commerce of an infringing mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendants'

goods and services are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendants are in some way affiliated with or sponsored by Plaintiffs. Defendants' conduct therefore constitutes trademark/service mark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

44. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiffs, and to its goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court. Plaintiffs have no adequate remedy at law.

45. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Section 43(a)(1)(A) of the Lanham Act and Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO

### Federal Action for Unfair Competition under 15 U.S.C. § 1125(a)

46. Plaintiffs reallege and incorporate paragraphs 1 through 45 hereof, as if fully set forth herein.

47. Defendants' unauthorized use in commerce of an infringing mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's Goods and Services, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendants are in some way affiliated with or sponsored by Plaintiffs.

48. Defendants unauthorized use in commerce of an infringing mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

49. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiffs.

50. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

52. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE

### State Common Law Action Trademark Infringement and Unfair Competition

53. Plaintiffs reallege and incorporate paragraphs 1 through 52 hereof, as if fully set forth herein.

54. Plaintiffs were the first to use the Marks in commerce in the Commonwealth of Virginia.

9

55. Plaintiffs have a common law right under Virginia law to prevent others from using the Marks or any other confusingly similar name or mark.

56. The Marks have taken on a secondary meaning in that it is associated with the origin of Plaintiffs' Goods & Services, rather than with the Goods and Services themselves.

57. Defendants have unfairly used, and are continuing to use, the Marks unfairly, to Plaintiffs' detriment.

58. Defendants' use of an infringing mark and the resemblance between the infringing mark and the Marks is so close, that such use is likely to confuse a prospective buyer or customer exercising ordinary caution in his dealings.

59. Defendants' unauthorized use of an infringing mark constitutes passing off and unfair competition of the Marks in violation of the common law of Virginia.

60. Defendants' wrongful acts have caused and will continue to cause Plaintiffs irreparable harm. Plaintiffs have no adequate remedy at law.

61. Plaintiffs are entitled to a judgment enjoining and restraining Defendants from engaging in further acts of infringement and unfair competition.

## COUNT FOUR

<u>State Action for Injury to Business Reputation Under Va. Code §§ 18.2-499, 500</u>

62. Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1 through 61.

63. Defendants have combined, associated, agreed, mutually undertaken or concerted together to misappropriate and copy Plaintiffs' business format and imitate and infringe the Marks for the purpose of willfully and maliciously injuring Plaintiffs in their reputation, trade, business or profession in violation of Va. Code § 18.2-499.

64. Defendants willfully intended to trade on Plaintiffs' image and reputation and to dilute the Marks, acted with reason to know, or were willfully blind as to the consequences of their actions.

65. Plaintiffs are entitled to three-fold the damages sustained, including lost profits, and the costs of suit, including a reasonable fee to Plaintiffs' counsel under Va. Code § 18.2-500.

66. Defendants' wrongful acts have caused and will continue to cause Plaintiffs irreparable harm. Plaintiffs have no adequate remedy at law for Defendants' actions.

67. Plaintiffs are therefore entitled to a judgment enjoining and restraining Defendants from engaging in further acts violative of Va. Code §§ 18.2-499, -500, including but not limited to Defendants' use of an infringing mark.

## COUNT FIVE

### State Claim for Unjust Enrichment

68. Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1 through 67.

69. As a result of the conduct of Defendants, they have been unjustly enriched at the expense of Plaintiffs and the law thus implies a contract by which Defendants must pay to Plaintiffs the amount by which, in equity and good conscience, Defendants have been unjustly enriched at the expense of Plaintiffs.

## COUNT SIX

### State Claim for Declaratory Judgement Under Va. Code § 8.01-184

70. Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1 through 69.

71. Plaintiffs have a superior claim to the Marks based on its extensive, prior use of them.

72. Any registration would not alter or supersede Plaintiffs' common law rights from continuous use of the Marks in accordance with the principles expounded in Southern Christian Leadership Conference v. Shannon, 270 Va. 104 (2005).

73. Thus, the only valid use of the Marks and its several variations lie with Plaintiffs.

74. Therefore, Plaintiffs request a declaratory judgment that their claims to the Marks and their variants are superior to Defendants' claims to the Marks and their variants, if any.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendants as follows:

1. That the Court find that Defendants have violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a));

2. That the Court find that Defendants have infringed on the Marks and engaged in unfair competition under the laws of the Commonwealth of Virginia as Plaintiffs have a valid interest in the Marks which Defendants have used in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services in a manner likely to confuse consumers.

3. That the Court grant an injunction temporarily or preliminarily, and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a. selling, marketing, advertising, promoting, or authorizing any third party to sell, market, advertise or promote any Goods & Services bearing the Marks or the infringing mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Marks;

b. engaging in any activity that infringes Plaintiffs' rights in the Marks;

c. engaging in any activity constituting unfair competition with Plaintiffs;

d. engaging in any activity that is likely to dilute the distinctiveness of the Marks;

e. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiffs or (ii) Plaintiffs' Goods & Services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

f. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiffs or tend to do so;

g. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating an infringing mark or any other mark that infringes or is likely to be confused with the Marks, or any Goods or Services of Plaintiffs, or Plaintiffs as their source; and

        h.      aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

    4.     That the Court grant such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any Goods or Services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiffs or constitute or are connected with the Plaintiffs' Goods & Services.

    5.     That the Court direct Defendants to immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Marks or an infringing mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Marks, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the Marks or an infringing mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Marks, and to immediately remove them from public access and view.

    6.     That the Court direct that Defendants recall and deliver up for destruction or other disposition all goods, packaging, shopping bags, containers, advertisements, promotions, signs,

displays, and related materials incorporating or bearing an infringing mark or the Marks or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of the Marks.

7. That the Court direct Defendants to formally abandon with prejudice any and all of their applications to register an infringing mark or the Marks or any mark consisting of, incorporating, or containing the Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

8. That the Court direct Defendants to cancel with prejudice any and all of its registrations for an infringing mark or the Marks or any mark consisting of, incorporating, or containing the Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

9. That the Court direct, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiffs' counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

10. That the Court direct that Defendants account to and pay over to Plaintiffs all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiffs for the damages caused thereby, in an amount to be proved at trial. Upon information and belief, Plaintiffs' damages are expected to exceed $100,000.00.

11. That the Court award Plaintiffs punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

12. That the Court declare that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiffs their costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)), as Defendants actions are malicious, fraudulent, deliberate, and willful.

13. That the Court award Plaintiffs interest, including prejudgment and post-judgment interest, on the foregoing sums.

14. That the Court issue a declaratory judgment that Plaintiffs' claim to the Marks and their variants is superior to Defendants' claims to the Marks and their variants, if any.

15. That the Court award such other and further relief as the Court deems just and proper.

TONY D. WEST and
CINN CITY, INC.
By Counsel

F.E. "Tripp" Isenhour, III
VSB No.: 76871
Caskie & Frost, P.C.
2306 Atherholt Road
P.O. Box 6230
Lynchburg, VA 24505
Phone: (434) 846-2731
Fax: (434) 846-0496
tisenhour@caskiefrost.com
Counsel for Petitioner